UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARRYL ALLEN BURGESS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C06-5647 FDB<br><br>ORDER DENYING SECTION 2255 MOTION AND SECTION 2253 CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Petitioner Allen Burgess' 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 19, 2006. The Motion is submitted by Mr. Burgess, who is appearing pro se for the purposes of these proceedings.

**INTRODUCTION AND BACKGROUND**

On January 10, 2002 Petitioner entered a Rule 11(e)(1)(c) plea agreement wherein he agreed to plea guilty to a count of knowingly causing another to engage in a sexual act by the use of force or threats, in violation of 28 U.S.C. § 2241(a). The parties to the plea agreement stipulated and agreed that the appropriate sentence is 108 months of imprisonment, to be followed by five years of

ORDER - 1

supervised release with appropriate terms and conditions and restitution, if any. Judgment in the case was entered April 19, 2002 wherein Petitioner was sentenced to imprisonment for a term of 108 months and upon release, a term of supervision of five years. Petitioners now challenges the "in personam jurisdiction" of the Court

**28 U.S.C. § 2255**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the petitioner. United States v. Taylor, 648 F.2d 565, 573 (9th Cir. 1981).

The statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the court summarily dismiss the motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The rules regarding section 2255 proceedings similarly state that the court may summarily order dismissal of a section 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in the district court." Rule 4(a). Thus, when a petitioner fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. U.S. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United

ORDER - 2

States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).

     A petitioner fails to state a claim upon which relief can be granted when he fails to meet the statute of limitations. Petitions pursuant to Section 2255 must be filed within one year of the underlying judgment. The criminal judgment was filed on April 19, 2002. The year in which Petitioner was entitled to file a § 2255 motion ended on April 19, 2003 and has long lapsed. Section 2255 provides a very narrow post-conviction remedy when a new rule of constitutional law emerges after the statute of limitations has passed. In such cases, the statute provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Petitioner has not alleged a newly recognized right that would extend the statute of limitations. Accordingly, Petitioner's motion is barred as untimely.

     Alternatively, the Court finds that the Petitioner has failed to show a constitutional or statutory violation. The grounds set forth in Petitioner's pleadings not articulated with allegations that specifically delineate the factual basis of his claim upon which relief can be granted. Petitioner appears to simply allege that United States is in want of any material or substantial evidence that could prove proper subject matter/in personam jurisdiction, because Petitioner is not a citizen of the United States. However, a review of the transcript from the Petitioner's plea agreement reveals that Petitioner pled guilty to a count of knowingly causing another to engage in a sexual act by the use of force or threats, in violation of 28 U.S.C. § 2241(a). The "in personam jurisdiction" argument lacks merit.

     Petitioner is not entitled to an evidentiary hearing on the motion to vacate or set aside his sentence under 28 U.S.C. § 2255 . Additionally, the Court summarily dismisses the motion without sending it to the United States Attorney for response.

ORDER - 3

**CERTIFICATE OF APPEALABILITY**

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). No reasonable jurists would so find.

ACCORDINGLY,

IT IS ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 19, 2006 is **DENIED**. Petitioner's "Challenge to the In Personam Jurisdiction by Defendant Citizen, Darryl Allen Burgess" is both time barred and without merit, and the action dismissed with prejudice.

(2) The request for certificate of appealability is **DENIED.**

(3) The Clerk is directed to send copies of this Order to Petitioner and the United States Attorney.

DATED this 27th day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4